UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CARNELL REED, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) Case No. 4:18-cv-00778-SRC |
| | ) |
| EILEEN RAMEY, | ) |
| | ) |
| Respondent. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on Petitioner Carnell Reed's *pro se* Petition under 28 U.S.C. § 2254 for Writ of *Habeas Corpus* by a Person in State Custody [1].

**I.    BACKGROUND**

The Circuit Court of St. Louis County convicted Reed of one count of forcible sodomy and two counts of forcible rape after a bench trial and, on October 28, 2013, sentenced Reed to three concurrent terms of life imprisonment. Reed appealed, and the Missouri Court of Appeals affirmed his conviction on April 28, 2015. Doc. 6-3. Reed did not seek rehearing or transfer to the Missouri Supreme Court. Reed filed a motion for post-conviction relief in the circuit court on June 22, 2015. Doc. 6-8. The circuit court denied Reed's motion, he appealed, and the Missouri Court of Appeals affirmed the denial on May 23, 2017. Doc. 6-6. Reed did not request rehearing or transfer. The Court of Appeals issued its mandate on June 16, 2017. Doc. 6-7. On May 21, 2018, Reed filed the instant petition for writ of habeas corpus under 28 U.S.C. § 2254. Doc. 1.

1

## II.	STANDARD

"A state prisoner who believes that he is incarcerated in violation of the Constitution or laws of the United States may file a petition for writ of habeas corpus in federal court pursuant to 28 U.S.C. § 2254." *Osborne v. Purkett*, 411 F.3d 911, 914 (8th Cir. 2005). In order for a federal court to grant an application for a writ of habeas corpus brought by a person in custody by order of a state court, the petitioner must show that the state court decision:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1)-(2). A determination of a factual issue made by a state court is presumed to be correct unless the petitioner successfully rebuts the presumption of correctness by clear and convincing evidence. *Id.* at § 2254(e)(1).

A state court's decision is "contrary to" clearly established Supreme Court precedent "if the state court either 'applies a rule that contradicts the governing law set forth in [Supreme Court] cases' or 'confronts a set of facts that are materially indistinguishable from a decision of [the] Court and nevertheless arrives at a result different from [the] precedent.'" *Penry v. Johnson*, 532 U.S. 782, 792 (2001) (citing *Williams v. Taylor*, 529 U.S. 362, 405–406 (2000)). An unreasonable application of clearly established Supreme Court precedent exists where the state court identifies the correct governing legal principle but unreasonably applies that principle to the facts of the case. *Ryan v. Clark*, 387 F.3d 785, 790 (8th Cir. 2004). Finally, a state court decision may be considered an unreasonable determination of the facts "only if it is shown that the state court's presumptively correct factual findings do not enjoy support in the record." *Id*.

## III. DISCUSSION

Reed asserts four grounds for relief in his petition for writ of habeas corpus.[1] The first and second grounds challenge the sufficiency of the evidence supporting Reed's conviction. Reed's third asserted ground for relief alleges that at least one of his victim's testimony was motivated by "peer pressure." Finally, Reed alleges that forensic evidence in his case was easily tampered with.

### A. Timeliness

Under 28 U.S.C. § 2244(d)(1):

A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

The circuit court sentenced Reed on October 28, 2013, and the Missouri Court of Appeals affirmed his conviction on April 28, 2015. Reed did not seek rehearing or transfer to the Missouri Supreme Court. Thus, the statute of limitations under 28 U.S.C. § 2244(d)(1) began to run on Reed's claim on May 13, 2015, fifteen days after the Missouri Court of Appeals affirmed

---

[1] While Reed's petition is not a model of clarity, the Court construes Reed's pleadings liberally. *Frey v. Schuetzle*, 78 F.3d 359, 361 (8th Cir. 1996) ("[A]s a general rule a *pro se* habeas petition must be given a liberal construction…").

his conviction. *See* 28 U.S.C. § 2244(d)(1)(A) (judgment becomes final at the expiration of time for seeking direct review); Mo. Sup. Ct. R. 83.02 (application for transfer shall be filed within fifteen days after the court of appeals files its opinion).

Reed filed a motion for post-conviction relief in the circuit court on June 22, 2015, which tolled the statute of limitations. "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). The circuit court denied Reed's motion for post-conviction relief, he appealed, and the Missouri Court of Appeals affirmed the denial on May 23, 2017. Reed did not request rehearing or transfer. The Court of Appeals issued its mandate on June 16, 2017.

Reed signed the instant petition on May 16, 2018, and it was filed in this Court on May 21, 2018. Applying the prison mailbox rule, *Nichols v. Bowersox*, 172 F.3d 1068, 1077 (8th Cir. 1999), and giving petitioner the benefit of the doubt, *Beery v. Ault*, 312 F.3d 948, 950 (8th Cir. 2002), the Court determines the instant petition to have been filed on May 16, 2018, the date Reed avers that he placed it in the mail. Doc. 1, pg. 14.

Between the date that Reed's conviction became final (May 13, 2015) and the date he filed his motion for post-conviction relief (June 22, 2015), 40 days passed. The time between the date a judgment becomes final and the date that a petitioner files his application for state collateral relief counts against the one-year limitations period. *Bear v. Fayram*, 650 F.3d 1120, 1125 (8th Cir. 2011). Therefore, the 40 days between the date Reed's conviction became final and the date he filed his motion for post-conviction relief count against the limitations period. An additional 334 days passed between the date the Missouri Court of Appeals issued its mandate (June 16, 2017) and the filing of the petition before this Court (May 16, 2018).

Excluding the period which tolled the statute of limitations during Reed's post-conviction relief proceedings, Reed filed his motion for habeas relief 374 days after conclusion of direct review. Therefore, Reed's petition is untimely under 28 U.S.C. §2244(d)(1) and the Court dismisses Reed's petition with prejudice.

### IV. CERTIFICATE OF APPEALABILITY

The Court finds Reed has not made a substantial showing of the denial of a constitutional right, as is required before a certificate of appealability can issue. *See Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997) ("A substantial showing is a showing that issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings."). Therefore, the Court shall not issue a certificate of appealability as to any claims raised in Reed's § 2254 Motion.

Accordingly,

**IT IS HEREBY ORDERED** that the Court **DENIES** Petitioner Carnell Reed's Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody [1].

**IT IS FURTHER ORDERED** that the Court **DISMISSES** Reed's Petition **with prejudice**. No certificate of appealability will issue.

So Ordered this 7th day of January, 2020.

*SL R. CR*

**STEPHEN R. CLARK**
**UNITED STATES DISTRICT JUDGE**